# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8060 | **DATE** | 12/27/2000 |
| **CASE TITLE** | Rodney Ray, et al vs. Walter Harvey, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Complaint and this action are hereby dismissed. Plaintiff's counsel is advised, if he is not already so aware, that if he is able to cure the jurisdictional flaws identified in this opinion he can do so through an appropriate and promptly-filed motion under Fed. R. Civ. P. ("Rule") 59(e), in which event counsel can save his clients the payment of a second $150 filing fee.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 0 2 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| SN | courtroom deputy's initials | DOCKETING  DEC 29 PM 3:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY RAY, et al., )
)
        Plaintiffs, )
)
v. ) No. 00 C 8060
)
WALTER HARVEY, et al., )
)
        Defendants. )

DOCKETED
JAN 02 2001

MEMORANDUM OPINION AND ORDER

Four individual defendants have filed this action against a half-dozen individuals and one corporation (or perhaps two corporations), purporting to invoke diversity of citizenship jurisdiction under 28 U.S.C. §1332.[1] Some idea of what appears to be the unfamiliarity of plaintiffs' counsel with federal practice may be gleaned from the fact that the Complaint's "Jurisdiction and Venue" paragraphs refer to "28 USC 1332d(1)" rather than Section 1332(a)(1) and to the amount-in-controversy requirements as "exceed[ing] the sum of $100,000" rather than the actual over-$75,000 floor. But more importantly, any doubt as to counsel's level of unfamiliarity is removed by the Complaint's total silence on the most vital component of diversity jurisdiction: the states of citizenship of all parties.

Thus not a word is really said about the respective states of citizenship of the four plaintiffs. Complaint ¶11 does speak

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."



of three of them as being "of Illinois," but that does not of course suffice--at best it is ambiguous, for such usage most commonly refers to a person's place of residence (rather than the less common concept of the person's state of citizenship), and Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996) is typical of our Court of Appeals' teaching on that score:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

And not even such an ambiguity is advanced as to first-named plaintiff Rodney Ray, as to whom neither residence nor citizenship is alleged.

On the other side of the diversity picture, Complaint ¶12 refers to four of the six defendants as operating a business located in Arkansas--but again that does not do the job of specifying their respective states of citizenship. And the Complaint provides no identified situs at all for the other two individual defendants in those terms. As for the designated corporate defendant (Sea of Life Corporation), Complaint ¶3 specifies just half of its corporate citizenship (its state of incorporation) as defined by Section 1332(c)(1), but leaves the other half (principal place of business) up in the air. Finally, if For-Mor International is a corporation rather than a doing

2

business name, Section 1332(c)(1) must be satisfied as to it as well.

In any event, those jurisdictional deficiencies call for dismissal of the Complaint and this action (as our Court of Appeals has taught), and this Court so orders. Plaintiffs' counsel is however advised, if he is not already so aware, that if he is able to cure the jurisdictional flaws identified in this opinion he can do so through an appropriate and promptly-filed motion under Fed. R. Civ. P. ("Rule") 59(e),[2] in which event counsel can save his clients the payment of a second $150 filing fee.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 27, 2000

---

[2] Although Rule 6(a) adds weekends and holidays to the ten days specified in Rule 59(e), counsel is cautioned that the resulting 15-day timetable <u>cannot</u> be extended (see Rule 6(b)).

3